IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA BAKER, )<br>　　　　　　　　　　　　　　　)<br>　　　　　　　Plaintiff, )<br>　　v. 　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>COUNTY OF MERCED, a public entity, )<br>　　　　　　　　　　　　　　　)<br>　　　　　　　Defendant. )<br>　　　　　　　　　　　　　　　) | 1:10-cv-2377  AWI SMS<br><br>ORDER ON DEFENDANT'S<br>MOTION FOR MORE<br>DEFINITE STATEMENT<br><br>(Doc. Nos. 8, 11) |

　　This is an employment discrimination claim brought by Plaintiff Roberta Baker ("Baker") against Defendant County of Merced ("the County"). Baker's claims are brought under the federal Americans with Disabilities Act and the California Fair Employment and Housing Act. The County moves for a more definite statement under Rule 12(e). For the reasons that follow, the Court will grant the County's motion.

　　*Defendant's Argument*

　　The County argues that there is nothing short or concise about the complaint. It includes details extending back to 1993 and includes argumentative opinions. The allegations preclude or unreasonably inhibit an accurate answer, make the task of determining appropriate defenses unduly difficult, and will unnecessarily complicate discovery and other pre-trial matters.

　　*Plaintiff's Opposition*

　　Baker argues that Rule 12(e) motions should only be granted when a complaint is too vague. The allegations put the County on notice, and the complaint is not as large as other cases

where Rule 12(e) motions have been denied.[1]  Further, the cases cited by the County in which dismissal of a complaint was upheld each involved plaintiffs who had been given several opportunities to file amended complaints.

*Legal Standard*

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that a party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  A Rule 12(e) motion is "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail, and if the requirements of the general rule as to pleadings are satisfied and the opposing party is fairly notified of the nature of the claim such motion is inappropriate." Castillo v. Norton, 219 F.R.D. 155, 163 (D. Ariz., 2003); Sheffield v. Orius Corp., 211 F.R.D. 411, 414-15 (D. Or. 2002).  However, the failure to follow Rule 8(d)(1)'s requirement of simple, concise, and direct allegations, see McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996); Kennedy v. Full Tilt Poker, 2010 U.S. Dist. LEXIS 41434 *10 (C.D. Cal. Apr. 26, 2010); 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1281 at 709-710 (3d ed. 2004), or the use of a "shotgun pleading," i.e. multiple causes of action incorporate by reference all of the numerous preceding paragraphs, may be grounds for a Rule 12(e) motion.  See Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001); King v. San Francisco Cmty. College Dist., 2010 U.S. Dist. LEXIS 110012, *9-*11 (N.D. Cal. Oct. 6, 2010); Kim v. Quichocho, 708 F.Supp.2d 1079, 1090-91 (D. N. Mar. I. 2010).  Rule 12(e) motions "are not favored by the courts 'since pleadings in the federal courts are only required to fairly notify the opposing party of the nature of the claim.'" Castillo, 219 F.R.D. at 163; Resolution Trust Corp. v. Dean, 854 F. Supp. 626, 649 (D. Ariz. 1994).

*Resolution*

The complaint in this case contains 32 pages of allegations, 173 total paragraphs (excluding the prayer), and 10 causes of action.  Of the 32 pages, approximately 15 pages consist of particular factual and historical details that are generally related to the ten causes of action.

---

[1] Plaintiff cites to securities fraud cases from the Southern District of New York that involved a 326 page complaint and 368 page complaint.

Almost all of the historical paragraphs in the first 15 pages contain multiple sentences and thus, contain multiple assertions. Some of the paragraphs contain unnecessary editorializing and irrelevant and superfluous facts.

Factually detailed pleading is not always a practice to be frowned upon. In fact, it is probably more desirable to err on the side of too much detail because a complaint must contain "plausible claims" that are supported by sufficient factual allegations. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). However, while factual allegations are necessary, the complaint should strive for simple, concise, and direct allegations. See Fed. R. Civ. Pro. 8(d)(1). The level of specificity and the quantity of facts that need to be alleged will vary with the particular causes of action involved. In this case, while not as egregious as the complaint in *McHenry*, the point has been reached where the allegations are no longer simple and concise as envisioned by Rule 8.

This problem is compounded by the fact that, although each cause of action is separately identified and pled, the first paragraph of each cause of action incorporates by reference all of the preceding paragraphs. This is what the Eleventh Circuit condemns as "shotgun pleading." The Eleventh Circuit has explained:

> Unless the court requires a repleader--under Rule 12(e) or on its own initiative--a shotgun complaint leads to a shotgun answer. Where, as here, each count incorporates every antecedent allegation by reference, the defendant's affirmative defenses are not likely to respond to a particular cause of action but, instead, to the complaint as a whole. Such disjointed pleadings make it difficult, if not impossible, to set the boundaries for discovery. Hence, discovery disputes are inevitable. Resolving them can be time-consuming. If the court does not intervene and require the parties to narrow the issues, the discovery disputes continue unabated--until a motion for summary judgment or a pretrial conference brings them to a halt. At that point, the court is confronted with the time-consuming tasks it avoided earlier--rearranging the pleadings and discerning whether the plaintiff has stated a claim, or claims, for relief, and whether the defendant's affirmative defenses are legally sufficient. If the court performs these tasks, it will have to strike all of the allegations of the complaint and answer that are insufficient, immaterial, or impertinent n105 --so that, when the tasks are finished, the complaint consists of a "short and plain statement of the claim," or claims, for relief, and the answer states "in short and plain terms the defendant's defenses to each claim asserted."

Byrne, 261 F.3d at 1029-30; cf. Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295-96 (11th Cir. 2002) (noting that a complaint with 127 paragraphs and 9

causes of action was a "shotgun complaint"). When "shotgun pleadings" contain multiple causes of action, it may become "virtually impossible to know which allegations of fact are intended to support which claims." Anderson v. District Bd. of Trustees of Cent. Fla. Community College, 77 F.3d 364, 367 (11th Cir. 1996). When faced with a shotgun pleading that contains an excessive number of indiscriminately incorporated allegations, a Rule 12(e) motion is a proper response. Id. Here, by incorporating every detailed paragraph into each and every cause of action, the basis for the claims becomes muddled. See Byrne, 261 F.3d at 1029-30; Anderson, 77 F.3d at 367; King, 2010 U.S. Dist. LEXIS 110012 at *9-*11; Kim, 708 F.Supp.2d at 1090-91.

The Court will grant the County's motion and will require Baker to replead. In repleading, Baker should concentrate on the elements of each of her causes of action and concisely and directly allege sufficient factual information to support plausible causes of action. At this stage in the proceedings, Baker need not prove her case by alleging every detail, especially superfluous or irrelevant details, rather she need only allege "plausible" causes of action. See Fed. R. Civ. Pro. 8(d)(1); Iqbal, 129 S.Ct. at 1149-50. Further, while Baker should incorporate paragraphs by reference, she should incorporate prior paragraphs under a particular cause of action only when those prior paragraphs are relevant to and support that particular cause of action. Cf. Anderson, 77 F.3d at 367.

Accordingly, IT IS HEREBY ORDERED that Defendant's Rule 12(e) motion is GRANTED and Plaintiff shall file an amended complaint, consistent with this order, within twenty-one (21) days of service of this order.

IT IS SO ORDERED.

Dated:   April 29, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE