IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA BAKER,              )<br>                                              )<br>            Plaintiff,              )<br>    v.                                   )<br>                                              )<br>COUNTY OF MERCED, a public entity, )<br>                                              )<br>            Defendant.           )<br>_____) | 1:10-cv-2377  AWI BAM<br><br>ORDER TO SHOW CAUSE |

On July 12, 2011, the Court granted Defendant's motion to dismiss Plaintiff's Americans with Disabilities Act ("ADA") claims.[1]  See Doc. No. 21.  The Court gave Plaintiff fourteen (14) days in which to amend her complaint.  See id.  Plaintiff did not file an amended complaint, so Defendant filed an answer on August 2, 2011.  See Doc. No. 23.

On September 12, 2011, the parties filed a joint scheduling report.  See Doc. No. 24.  The joint scheduling report indicates in pertinent part that: the only claims left in this case are under California state law, jurisdiction was originally based on federal question jurisdiction (the ADA claims), but that the Court should continue to retain supplemental jurisdiction.  See id.

On September 26, 2011, a scheduling conference order was issued by the Magistrate Judge.  See Doc. No. 26.  The scheduling conference order indicates that the only claims that remain in this case are under California state law.  See id.  Additionally, the scheduling

---

[1] Defendant's motion argued that Plaintiff failed to make adequate allegations of a disability.  See Doc. Nos. 16, 17.  Plaintiff responded that the allegations showed that she was disabled or perceived as disabled due to stress and high blood pressure.  See Doc. No. 19.  The Court found that the allegations regarding stress and high blood pressure were insufficient and that Plaintiff failed to identify any adverse treatment related to stress and high blood pressure.  See Doc. No. 22.

conference order set the following pertinent deadlines: initial disclosure deadline October 19, 2011, expert disclosure deadline September 21, 2012, supplemental expert disclosure deadline October 19, 2012, non-expert discovery deadline July 18, 2012, expert discovery deadline December 21, 2012, motions deadline February 8, 2013, pre-trial conference May 3, 2013, and trial June 18, 2013.  See id.

Under 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over a case when the court "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The general rule is that "when federal claims are dismissed before trial . . . pendent state claims should also be dismissed."  Religious Tech. Ctr v. Wollersheim, 971 F.2d 364, 367-68 (9th Cir. 1992); Scholar v. Pacific Bell, 963 F.2d 264, 268 n.4 (9th Cir. 1992); Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985).  Here, since the federal claims have been dismissed, and since all of the deadlines (save for the initial Rule 26 disclosures) are all beyond July 2012 (including a trial date in June 2013), it is appropriate for the parties to show cause why the Court should not decline to exercise supplemental jurisdiction and dismiss this case with leave for Plaintiff to re-file her state law claims in state court.

Accordingly, IT IS HEREBY ORDERED that the parties shall show cause in writing on or by 10:00 a.m. on January 4, 2012, why the Court should not decline supplemental jurisdiction and dismiss this case.

IT IS SO ORDERED.

Dated:     December 21, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE

daw                                                                    2