1
2
3
4
5          **IN THE UNITED STATES DISTRICT COURT FOR THE**
6               **EASTERN DISTRICT OF CALIFORNIA**
7
8    **ROBERTA BAKER,**                    )    **1:10-cv-2377  AWI BAM**
                                            )
9              **Plaintiff,**              )
         **v.**                            )    **ORDER DECLINING TO**
10                                         )    **EXERCISE SUPPLEMENTAL**
     **COUNTY OF MERCED, a public entity,** )    **JURISDICTION AND**
11                                         )    **CLOSING CASE**
              **Defendant.**              )
12   _____ )
13
14
15        On July 12, 2011, the Court granted Defendant's motion to dismiss Plaintiff's Americans
16   with Disabilities Act ("ADA") claims.[1]  See Doc. No. 21.  The Court gave Plaintiff fourteen (14)
17   days in which to amend her complaint.  See id.  Plaintiff did not file an amended complaint, so
18   Defendant filed an answer on August 2, 2011.  See Doc. No. 23.
19        In September 2011, as part of the joint scheduling conference report and the subsequent
20   scheduling order, it was determined that the only remaining claims in this case are supplemental
21   state law claims.  See Doc. Nos. 24, 26.
22        On December 22, 2011, the Court issued an order to show cause as to why the Court
23   should not decline to exercise supplemental jurisdiction over the remaining state law claims.  See
24   Doc. No. 28.
25        On January 4, 2012, the parties responded to the order to show cause.  Plaintiff states that

26   _____
     [1]Defendant's motion argued that Plaintiff failed to make adequate allegations of a disability.  See Doc. Nos.
27   16, 17.  Plaintiff responded that the allegations showed that she was disabled or perceived as disabled due to stress
     and high blood pressure.  See Doc. No. 19.  The Court found that the allegations regarding stress and high blood
28   pressure were insufficient and that Plaintiff failed to identify any adverse treatment related to stress and high blood
     pressure.  See Doc. No. 22.

1   she has no objection to the Court declining to exercise supplemental jurisdiction, provided that

2   she is given a reasonable time to re-file this action in state court and that the filing of the state

3   court complaint relates back to the date that this federal action was filed.  See Doc. No. 29.

4   Defendant states that it does not oppose the Court declining to exercise supplemental

5   jurisdiction.  See Doc. No. 30.  Defendant requests that if the Court dismisses this case, then the

6   dismissal should be consistent with the time periods of 28 U.S.C. 1367.  See id.[2]

7          Under 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental

8   jurisdiction over a case when the court "has dismissed all claims over which it has original

9   jurisdiction."  28 U.S.C. § 1367(c)(3).  The general rule is that "when federal claims are

10  dismissed before trial . . . pendent state claims should also be dismissed."  Religious Tech. Ctr v.

11  Wollersheim, 971 F.2d 364, 367-68 (9th Cir. 1992); Scholar v. Pacific Bell, 963 F.2d 264, 268

12  n.4 (9th Cir. 1992); Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985).  Here, since the

13  federal claims have been dismissed, all of the relevant deadlines are beyond July 2012 (including

14  a trial date in June 2013), see Doc. No. 26, and considering the Court's impacted docket, it is

15  appropriate for the Court to decline to exercise supplemental jurisdiction.  See 28 U.S.C. §

16  1367(c)(3); Wollersheim, 971 F.2d at 367-68.

17         Also, 28 U.S.C. § 1367 provides in pertinent part, "The period of limitations for any

18  claim asserted under [§ 1367(a)] . . . shall be tolled while the claim is pending and for a period a

19  period of 30 days after it is dismissed unless State law provides for a longer tolling period."  28

20  U.S.C. § 1367(d); Jinks v. Richland County, 538 U.S. 456, 459 (2003).  This rule prevents the

21  applicable statute of limitations on supplemental state law claims from expiring while a plaintiff

22  pursued those supplemental state law claims in federal court.  See Jinks, 538 U.S. at 459; Harris

23  v. County of Los Angeles, 2010 U.S. Dist. LEXIS 117682 (C.D. Cal. Nov. 1, 2010); Okoro v.

24  City of Oakland, 142 Cal.App.4th 306, 310-12 (2006).  Here, Plaintiff will be given the

---

26         [2]The response actually cites "18 U.S.C. § 1867."  However, there is no such statute.  Given the issue

27  involved, the Court believes that Defendant meant "28 U.S.C. § 1367."

28                                                      2

opportunity to re-file her claims in state court, and any limitations concerns that she may have shall be governed by the tolling provisions of § 1367(d).  As such, the state law limitations period shall continue to be tolled for thirty days following entry of this dismissal order.[3]  See 28 U.S.C. § 1367(d).

Accordingly, IT IS HEREBY ORDERED that:

1.    The Court DECLINES to exercise to supplemental jurisdiction over the remaining state law claims in this case pursuant to 28 U.S.C. § 1367(c)(3);

2.    Plaintiff's state law claims are DISMISSED without prejudice to refiling these claims in state court;[4] and

3.    The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:    January 5, 2012    _____

CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff has not indicated that a period longer than 30 days is provided by California law.

[4] As indicated above, the tolling provisions of 28 U.S.C. § 1367(d) apply to Plaintiff's state law claims.

3